

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL


Honorable Clint A. Barham
County Attorney
Erath County
Stephenville, Texas


Dear Sir:

Opinion No. 0-2394
Re: Whether land purchased by
veteran disability compensa-
tion money is exempt from
taxation by county and State.

In your letter of May 30, 1940, you request our opinion as to whether land purchased with war compensation money is exempt from taxation by the State and county.

You express the view that such property is exempt, citing Section 22, World War Veterans' Act, being 38 United States Code Annotated, Section 454, and the case of City of Atlanta vs. Stokes, 165 S. E. 270.

Section 454 of 38 United States Code Annotated provides:

"§ 454. Assignability and exempt status of compensation, insurance, and maintenance and support allowances. The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and mainte-nance and support allowance shall be sub-ject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Clint A. Barham, Page 2

In the case of Atlanta vs. Stokes, which you cite, the Supreme Court of Georgia held that under the provisions of said Section 454 realty purchased with such money was exempt from taxation by a city. That opinion was delivered on July 20, 1932. However, on February 14, 1933, in the case of State vs. Blair, 57 S. W. (2d) 455, the Supreme Court of Tennessee held that such property is not exempt from taxation by the State. This case was appealed to the Supreme Court of the United States, which on December 4, 1933, in an opinion by Mr. Justice Cardozo, affirmed the judgment and opinion of the Supreme Court of Tennessee, holding such property to be taxable by the State and expressly disapproving the holding of the Georgia Supreme Court in the Atlanta vs. Stokes case. Trotter vs. Tennessee, 290 U. S. 354, 54 S. Ct. 138, 78 L. Ed. 358. Hence, you will see that the Supreme Court of the United States has settled the question against the exemption.

Furthermore, on August 12, 1935, Congress enacted Section 454a, 38 United States Code Annotated, as follows:

"§ 454a. Assignability and exempt status of payments of benefits -- Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments. (Aug. 12, 1935, c. 510, § 3, 49 Stat. 609.)"

You will thus see that in this Act the Congress has expressly denied the exemption to property purchased out of such payments.

Since our State Constitution contains no authority

Honorable Clint A. Barham, Page 3

for its exemption, Article 8, Section 2, thereof requires that it be taxed. Your question therefore must necessarily be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 7, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN